Submitted April 29, 2020; Count 2 reversed and remanded, remanded for resentencing, otherwise affirmed June 15, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSEPH ALOYSIOUS JACOB II,
*Defendant-Appellant.*

Tillamook County Circuit Court
17CR24167; A167825

514 P3d 73

Defendant appeals from a judgment of conviction for first-degree theft, ORS 164.055 (Count 1), after the trial court merged a guilty verdict for theft of services, ORS 164.125 (Count 2), into Count 1. The jury's verdict was unanimous on Count 1, but not unanimous on Count 2. Among other assignments of error, defendant challenges the trial court's instruction to the jury that it could reach nonunanimous verdicts and the court's acceptance of the jury's nonunanimous verdict on Count 2. Defendant also challenges the court's admission of evidence related to defendant's prior medication use and workers' compensation claims. *Held*: The Court of Appeals accepted the state's concession that the trial court erred as to the nonunanimous jury instruction and verdict on Count 2. However, the trial court correctly found that the evidence of defendant's pain medication use and of his prior workers' compensation claims was relevant; both had a tendency to show that the state's factual theory was more probable or less probable than without the evidence. Furthermore, evidence of defendant's prior claims was not unduly prejudicial. Accordingly, admission of that evidence was not erroneous. All other assignments of error were unpreserved and did not warrant plain error review.

Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.

Jonathan R. Hill, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah Laidlaw, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

ORTEGA, P. J.

Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.

**ORTEGA, P. J.**

Defendant appeals from a judgment of conviction for first-degree theft, ORS 164.055 (Count 1), after the trial court merged a guilty verdict for theft of services, ORS 164.125 (Count 2) into Count 1. The jury's verdict on Count 1 was unanimous; it reached an 11 to one verdict on Count 2. Defendant raises multiple assignments of error. We reject without written discussion defendant's unpreserved third assignment of error concerning portions of the state's closing argument, as well as the fourth assignment of error, challenging the imposition of restitution.

In the fifth and sixth assignments of error, defendant challenges the trial court's instruction to the jury that it could reach nonunanimous verdicts and the court's acceptance of the jury's nonunanimous verdict on Count 2.

We agree with and accept the state's concession that the court erred in giving the nonunanimous jury instruction and accepting the nonunanimous verdict on Count 2, an error which requires reversal of the guilty verdict and remand on that count. *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). The erroneous jury instruction does not, however, constitute structural error and was otherwise harmless as to Count 1, which was based on a unanimous jury verdict. *See State v. Flores Ramos*, 367 Or 292, 334, 478 P3d 515 (2020).

In the first and second assignments of error, defendant challenges the court's admission of evidence related to defendant's prior medication use and workers' compensation claims. We conclude that the trial court correctly found that the evidence was relevant; we further conclude that defendant failed to preserve his argument that evidence of his pain medication requests and use was inadmissible as unduly prejudicial and any error in its admission was not plain error. Finally, we conclude that, although defendant's arguments as to the admission of evidence of his prior workers' compensation claims was sufficiently preserved, the trial court did not err in admitting that evidence. We therefore reverse and remand the guilty verdict on Count 2, remand for resentencing, and otherwise affirm.

The following background facts are procedural and undisputed. Defendant received workers' compensation benefits, including medical care, after allegedly suffering a work injury. SAIF Corporation (SAIF) eventually stopped payments to defendant after concluding, based on an investigation, that he had not suffered any injury. The state charged defendant with first-degree theft[1] for "intentionally commit[ting] theft of money" from SAIF and theft of services for "intentionally, with intent to avoid payment," obtaining medical services by the "use of deception."[2] Before the claim at issue, defendant had filed six workers' compensation claims between 2005 and 2013. The state's case before the jury included evidence of those prior claims as well as of defendant's prior medication requests and use.

In a combined argument for his first and second assignments of error, defendant challenges certain evidentiary rulings admitting evidence of his history of use of and requests for pain medication, and of his prior workers' compensation claims. He contends that the challenged evidence was inadmissible because it was not relevant under OEC 401 and was unfairly prejudicial under OEC 403. He argues that, if we determine that his OEC 403 arguments are unpreserved, we should conclude that the trial court plainly erred in admitting the challenged evidence.

The state disagrees that the court erred. It argues that the court correctly admitted the evidence as relevant and argues that defendant did not preserve any argument that the challenged evidence was unfairly prejudicial under OEC 403. In any event, in the state's view, defendant has not demonstrated any abuse of discretion under that rule, certainly not as a matter of plain error.

---

[1] As relevant here, ORS 164.055(1)(a) provides that a "person commits the crime of theft in the first degree if, by means other than extortion, the person commits theft as defined in ORS 164.015 and *** the total value of the property in a single or aggregate transaction is $1,000 or more[.]" Further, as relevant here, ORS 164.015(1) provides that a "person commits theft when, with intent to deprive another of property or to appropriate property to the person or to a third person, the person *** [t]akes, appropriates, obtains or withholds such property from an owner thereof[.]"

[2] As relevant here, ORS 164.125(1)(a) provides that a "person commits the crime of theft of services if[,] *** [w]ith intent to avoid payment therefor, the person obtains services that are available only for compensation, by force, threat, deception or other means to avoid payment for the services[.]"

We begin with preservation as to the evidence relating to defendant's history of use of and requests for pain medication. As a general rule, claims of error not raised before the trial court will not be considered on appeal. *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). To preserve a claim of error, "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *Id*. The rules pertaining to preservation of error also ensure that "parties are not taken by surprise, misled, or denied opportunities to meet an argument." *Davis v. O'Brien*, 320 Or 729, 737, 891 P2d 1307 (1995).

Regarding the challenged evidence of defendant's prior medication requests and use, we conclude that he did not adequately preserve his arguments under OEC 403, and that defendant's legal challenge does not meet the requirements for plain error review. The state does not contest preservation as to relevance, and we conclude that defendant preserved his claim as to relevance but conclude that the trial court did not err in admitting the challenged evidence.

Before trial, the state moved *in limine* to admit evidence of defendant's "medication seeking behavior." The evidence included a history of defendant taking a substantial amount of pain medication and of doctors questioning his need for those medications. It also included defendant's requests for and receipt of pain medications during the workers' compensation claim at issue. The state's theory was that defendant had two simultaneous motives for his crimes—to obtain money and to obtain opioid pain medication—and that the evidence was relevant to establish those motives.

At the hearing on the state's motion, defendant objected to the evidence—both the past history of pain medication-seeking behavior and that behavior in the present case—on relevance grounds. He also objected to historic evidence on hearsay grounds and argued that it was prior bad act evidence. He further argued that such evidence presented "a significant [OEC] 403 issue," asserting without

elaboration that the jury would react negatively if the case were treated as a drug case rather than a theft case.

The trial court ruled that evidence of pain medication-seeking behavior relating to the current workers' compensation claim was admissible as relevant, assuming the state laid a proper foundation. With respect to behavior arising in conjunction with defendant's prior worker's compensation claims, which the court referred to as "prior acts" evidence, the court concluded that a foundational hearing would be necessary "mid-trial" when the doctor was testifying to determine admissibility.

During trial, defendant did object to medical records coming in through SAIF's fraud investigator, Wellman. However, he did not object to other testimony regarding medication-seeking behavior. At one point, the state asked Wellman if he was aware that defendant "was taking a large number of pain medications," and defendant did not object to the question or to Wellman's affirmative testimony in response. Additionally, Dr. Douglas testified extensively, and without objection from defendant, about what medications defendant took and how much, noting that some medications were increased to the highest range that was still safe to prescribe.

Defendant failed to preserve his challenge to the admission of evidence of his prior medication requests and use under OEC 403. Although he objected to the admission of any such evidence during the hearing on the motion *in limine* on both relevance and prejudice grounds, the court indicated that it would permit expert opinion testimony relating to defendant's medication-seeking behavior and reserved ruling on admissibility under OEC 403—yet defendant did not object to any of the specific testimony or evidence that was presented. Defendant's motion *in limine* did not function to preserve OEC 403 objections to specific testimony during trial. *See State v. Pergande*, 270 Or App 280, 282-83, 348 P3d 245 (2015). The purposes of preservation were not met here as to any error in admitting the evidence under OEC 403.

That leaves the question of whether admission of the evidence was plainly erroneous under OEC 403. Our

consideration of an unpreserved claim of error generally encompasses two steps. First, we determine whether the trial court plainly erred. Error is "plain" if

> "(1) it is an error of law, (2) the error is obvious, not reasonably in dispute, and (3) it appears on the face of the record, *i.e.*, the reviewing court * * * need [not] go outside the record to identify the error or choose between competing inferences, and the facts constituting the error are irrefutable."

*State v. Reyes-Camarena*, 330 Or 431, 435, 7 P3d 522 (2000) (internal quotation marks omitted; ellipsis and brackets in original). Second, if we determine that a trial court plainly erred, we then consider whether we should exercise our discretion to correct that error. *State v. Vanornum,* 354 Or 614, 630, 317 P3d 889 (2013).

In addressing defendant's claim of plain error, we must consider whether the legal point underlying that claim is "obvious, not reasonably in dispute." *State v. Horner*, 272 Or App 355, 367, 356 P3d 111 (2015), *rev den*, 358 Or 794 (2016). In defendant's view, "it is not reasonably in dispute that evidence is inadmissible when it is substantially more unfairly prejudicial than probative." Defendant asserts that "relying on [] character flaws is an improper basis for reaching a guilty verdict" and thus, the evidence was unfairly prejudicial. However, the evidence at issue is not substantially more unfairly prejudicial than probative, as a matter of law. As we later discuss, the medication-seeking evidence was relevant and was limited to discussing what medications defendant took and how much. The evidence did not rely on character flaws and the testimony did not discuss defendant's character. We conclude that the OEC 403 argument that defendant advances in support of his claim of error is subject to reasonable dispute and conclude that the asserted error is not obvious and therefore not plain.

We proceed to the merits on relevance, the challenge that defendant did preserve. We review determinations that evidence is admissible as relevant for errors of law. *State v. Titus*, 328 Or 475, 481, 982 P2d 1133 (1999). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the

evidence." OEC 401; *see also State v. Pitt*, 352 Or 566, 576 n 5, 293 P3d 1002 (2012) (so stating). "OEC 401 imposes a relatively low threshold of relevance." *Pitt*, 352 Or at 576 n 5. Here, the court properly assessed relevance and took significant steps to limit the testimony to ensure that all evidence was relevant. The court determined that if foundation was laid, the doctors could offer their expert opinion that defendant's behavior in this case constituted medication-seeking behavior. The evidence admitted through Dr. Douglas's testimony showed that defendant ended up being prescribed a large amount of pain medication and that he did not, in fact, have the pain that he was claiming to have. The evidence was relevant because it had a tendency to show that the state's factual theory, that defendant was essentially seeking medication using the workers' compensation system, was more probable or less probable than without the evidence. Additionally, the evidence was relevant because it was part of the crime—one of the services he was stealing was medical services to obtain prescriptions for pain medications. The trial court did not err in admitting the evidence.

We turn to the evidence related to defendant's prior workers' compensation claims, beginning with whether defendant preserved his OEC 403 argument. Before trial, the state also moved to admit evidence of defendant's workers' compensation claims as relevant to show that "[d]efendant is familiar with the process, and how he can work it," and to demonstrate that the problems he complained of during the claim at issue were actually caused by prior injuries. Defendant argued that the evidence was irrelevant, but the court agreed with the state and allowed admission of evidence of the prior claims and related injuries. It ruled that the state would be allowed to offer a "barebones" explanation of how the system works to help the jury understand the process, including evidence that once a claim is closed, the person cannot assert the same claim again. The court also ruled that the state would be allowed to offer evidence in that context including whether the claim was settled or denied, as well as in the context of showing "what the [prior] injuries were." The state agreed that it was not going to claim that any of the past claims were fraudulent.

During trial, defendant objected on both relevance and OEC 403 grounds to specific testimony from defendant's employer and also to exhibit evidence of a list of his prior claims. The objection to testimony from defendant's employer was in response to the question, "[d]id you ever talk to [defendant] about what exactly happened in that previous accident?" His arguments regarding admission of that evidence under OEC 403 are preserved. As already noted, the state does not contest that defendant adequately preserved his OEC 401 challenges.

We turn to the merits of whether admission of evidence of defendant's prior workers' compensation claims was in error, reviewing the court's relevancy determination under OEC 401 for errors of law, *Titus*, 328 Or at 481, and its OEC 403 determination for abuse of discretion, *State v. Shaw*, 338 Or 586, 609, 113 P3d 898 (2005). We conclude that the trial court did not err in determining that the evidence was both relevant and not unfairly prejudicial.

Defendant argues that the prior injuries were relevant but not the workers' compensation claims. However, defendant's objection to the testimony of his employer was directed towards the "previous accident" that caused the injuries and not the prior claim. The court, however, still addressed the concerns regarding the claims. The court delineated the questioning allowed and set limits to ensure it had relevance to the state's argument about the "preexisting" conditions and knowledge of the system. Moreover, at issue during trial was whether defendant used deception to open a new claim to obtain medical services or if he was truthful about his symptoms. We conclude that the evidence was relevant to show that defendant understood the workers' compensation system, to show that he had prior injuries that had been resolved, and to show that he knew he could not base a new claim on prior injuries that had been the basis for a previous claim that had settled or been closed. Therefore, especially given the low threshold for relevance and the court's limiting instructions, we conclude that the court did not err in its assessment of relevance.

As to the evidence being unfairly prejudicial, OEC 403 provides:

> "Although relevant, evidence may be excluded if its pro-
> bative value is substantially outweighed by the danger of
> unfair prejudice, confusion of the issues, or misleading the
> jury, or by considerations of undue delay or needless pre-
> sentation of cumulative evidence."

"An abuse of discretion occurs when a court exercises its dis-
cretion to an end not justified by, and clearly against, evi-
dence and reason." *Koenig v. State Farm Mutual Automobile
Ins. Co.*, 315 Or App 28, 41, 500 P3d 68 (2021), *rev den*, 369
Or 507 (2022) (internal quotation marks omitted). As a gen-
eral rule, OEC 403 favors admissibility and places the bur-
den on the party seeking exclusion of the evidence, but it
also allows a means of excluding distracting evidence from
a trial. *State v. O'Key*, 321 Or 285, 320, 899 P2d 663 (1995).
The probative value of the evidence is "essentially a mea-
sure of the persuasiveness that attaches to a piece of evi-
dence." *State v. Lawson/James*, 352 Or 724, 757, 291 P3d 673
(2012). Put another way, it is the strength of the relationship
between the proffered evidence and the proposition sought
to be proved. The critical inquiry in determining whether
evidence is unfairly prejudicial is whether the evidence
improperly appeals to the preferences of the trier of fact for
reasons that are unrelated to the power of the evidence to
establish a material fact. *State v. Supanchick*, 245 Or App
651, 668, 263 P3d 378 (2011), *aff'd*, 354 Or 737, 323 P3d 213
(2014).

         The trial court did not abuse its discretion in admit-
ting the evidence. Defendant asserts that the evidence is
irrelevant and therefore has insubstantial probative value.
He further contends that the evidence is prejudicial because
it "encourages the jury to infer that defendant is guilty of
medical insurance fraud because he is lazy and addicted
to drugs," implicating his character improperly. We dis-
agree. First, the evidence was particularly probative for the
reasons argued by the state—to show that defendant was
familiar with the workers' compensation system and knew
how to work it, and to establish the overlap in symptoms
from prior injuries. Second, none of the admitted evidence
was particularly inflammatory in light of the other evidence
of his prior workers' compensation claims that was admit-
ted without defendant's objection. Third, the court limited

the line of questioning to ensure that character issues were not brought up and made other limitations to avoid misuse of the testimony. It only allowed a "barebones" explanation of how the workers' compensation system worked, and the state agreed that it would avoid saying the prior claims were fraudulent. Given the probative value of the evidence and the court's rulings that limited the evidence accordingly, and given the other evidence that came in without objection, we conclude that the trial court did not abuse its discretion in finding the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.

Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.