426 January 23, 2025 No. 40

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN MICHAEL HUTCHINSON,
*Defendant-Appellant.*

Clackamas County Circuit Court
21CR12788; A177068

Todd L. Van Rysselberghe, Judge.

Argued December 21, 2023.

Wayne Mackeson argued the cause for appellant. Also on the briefs was Wayne Mackeson, P.C.

Patrick M. Ebbett, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Lagesen, Chief Judge, and Mooney, Senior Judge.*

SHORR, P. J.

Affirmed.

------------

* Lagesen, Chief Judge *vice* Hadlock, Senior Judge.

## SHORR, P. J.

Defendant appeals from a judgment of conviction for multiple criminal offenses, including kidnapping and two counts of coercion. The charges arose from a single incident involving defendant's then-girlfriend, J. He raises five assignments of error. We primarily write to address defendant's first and second assignments of error, which challenge the trial court's admission of evidence that defendant had previously physically abused other women. We conclude that the trial court did not err in admitting that evidence after finding it relevant for a nonpropensity purpose under OEC 404(3) and not unfairly prejudicial under OEC 403. Further, as noted below, we reject defendant's remaining assignments of error without extended discussion. Accordingly, we affirm.

### HISTORICAL AND PROCEDURAL FACTS

The relevant facts for the purpose of this appeal are not in dispute. Defendant and J had been in a relationship for several months, when one morning while J was out for a walk, defendant pulled up behind her and yelled for her to get in the car. Once in the car, he backhanded her in the face, accused her of infidelity, and held her in the car by her hair as he drove. Meanwhile, J had the car door open trying to escape as she screamed for help. After driving for approximately a mile and a half, defendant ultimately returned J to her home and instructed her not to open the door to the police.

The state charged defendant by indictment with several crimes, including kidnapping and two counts of coercion. As to coercion, the indictment charged defendant with compelling the victim "by means of instilling *** a fear" of unlawful physical injury. *See* ORS 163.275.

Before trial, the state filed a motion to offer evidence that defendant had been violent towards previous girlfriends. The motions judge preliminarily granted the motion to offer the evidence under OEC 404(3) as to the victim's knowledge, but reserved the final determination on the issue for the trial court. On the morning of the trial, defendant moved *in limine* to exclude the other acts evidence. The

state sought to admit J's testimony that defendant had told her about his violent conduct towards previous girlfriends. The court held an OEC 104 hearing where the evidentiary ruling was further argued and reconsidered by the trial court. The state explicitly stated that it was offering the evidence only under OEC 404(3) for the "specific purpose" of establishing "knowledge of the victim," and not under OEC 404(4).

The court concluded that the evidence was relevant as to the victim's knowledge, which is a nonpropensity purpose under OEC 404(3), under the state's theory that defendant coerced J by compelling or inducing her by means of instilling fear. The court reasoned that "[s]tatements and actions made by the defendant prior to the incident are highly probative of the victim's state of mind because they permit a reasonable inference that the person, who experienced such action, would be fearful of harm." Next, the court determined that the risk of prejudice did not substantially outweigh "the highly probative value of the evidence on the coercion charge." Given the other charges in the indictment, the court decided that a limiting instruction to the jury, discussed further below, would be appropriate to avoid confusion. The trial court therefore denied defendant's motion to exclude the other acts evidence.

At trial, J testified that, during the course of their relationship, defendant told her that he had been violent with previous girlfriends, and on one occasion, had punched a woman in the face, breaking her nose. She confirmed that throughout the incident, her knowledge of defendant's past violence caused her fear about what he might do to her. The court's limiting instruction instructed the jury to "only consider this evidence as it applies to both counts of coercion." The court told the jury it could not consider the evidence as it applied to any other counts in the case or to show that defendant had a character to attack intimate partners. After the close of evidence, the jury found defendant guilty of kidnapping and the two counts of coercion, among other crimes. On appeal, defendant challenges the admission of the evidence relating to the other acts of violence. He raises other assignments of error that we briefly address below.

## LEGAL FRAMEWORK

OEC 404(3)[1] and OEC 404(4)[2] govern the admissibility of evidence of "other crimes, wrongs or acts." The Supreme Court has previously applied OEC 404(3) in criminal cases to assess the admissibility of a criminal defendant's "other acts," affirming the admission of such evidence under that rule when it does not require the factfinder to engage in impermissible propensity reasoning. *See State v. Taylor*, 372 Or 536, 538, 551 P3d 924 (2024) (applying an analysis under OEC 404(3) to evidence of other acts of a criminal defendant). OEC 404(3) prohibits the admission of other acts evidence to argue that the defendant has a propensity to engage in misconduct like the charged crime. *Id.* at 543. However, in *State v. Davis*, 372 Or 618, 635, 553 P3d 1017 (2024), the Supreme Court just weeks later stated that "OEC 404(3) no longer applie[s] to other acts of a defendant offered in a criminal trial." Rather, "in criminal trials in Oregon, the *** subsection of OEC 404 that applies to acts of a defendant offered in a criminal trial is OEC 404(4), not OEC 404(3)." *Id.* at 633. We recognized that understanding of the role of OEC 404(4) in *State v. Martinez*, 335 Or App 643, 650 n 6, 559 P3d 907 (2024).

Unlike OEC 404(3), OEC 404(4) does not prohibit character or propensity evidence. OEC 404(4) "provides simply that, in criminal cases, evidence of 'other crimes, wrongs or acts' by the defendant generally is admissible if it is relevant." *Id.* at 650. The "two primary constraints on the admissibility of other-acts evidence under OEC 404(4)" are

---

[1] OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

[2] OEC 404(4) provides:

"In criminal actions, evidence of other crimes, wrongs or acts by the defendant is admissible if relevant except as otherwise provided by:

"(a) [Certain other rules of evidence] and, to the extent required by the United States Constitution or the Oregon Constitution, [OEC 403];

"(b) The rules of evidence relating to privilege and hearsay;

"(c) The Oregon Constitution; and

"(d) The United States Constitution."

that the evidence must be relevant under OEC 401 and must be admissible under OEC 403.[3] *Id.* The *Davis* court noted, however, that "considering how the proffered evidence would have fared under [OEC 404(3)]" would be a "conceptually helpful" tool in determining whether the evidence may be admitted under the balancing required by OEC 403. *Davis*, 372 Or at 635.

That is, when conducting the OEC 403 analysis, a trial court should consider how the proffered evidence would have fared under OEC 404(3) to determine whether the evidence would have been admissible under that rule for "one or more nonpropensity purposes" or instead relies on propensity reasoning for its source of relevance at trial. *Id.* at 635-36. The trial court should then consider where the evidence falls on a spectrum. At one end of the spectrum, where the other acts evidence is offered for a nonpropensity purpose under OEC 404(3), the evidence is generally admissible under OEC 403 as long as the particular facts of the case do not demonstrate a risk of unfair prejudice that substantially outweighs the probative value of the evidence. *Id.* at 636. At the other end, evidence that relies solely on propensity reasoning or goes only to character is "classically impermissible." *Id.* (internal quotation marks omitted). In between, there is evidence that implicitly relies on character reasoning "*to some degree*, or where, despite a noncharacter purpose being offered by the proponent of the evidence, a jury or factfinder could perceive the evidence as relying on character and action in conformity with character as its source of relevance to the trial." *Id.* (emphasis in original).

As we discuss below, the trial court formally applied OEC 404(3), which the Supreme Court now rejects as "no

---

[3] OEC 401 provides: "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

And, OEC 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

In addition to those two constraints on admissibility, as is clear from its text, OEC 404(4) also prohibits admission of relevant evidence whose admission violates the federal or state constitutions. OEC 404(4)(c), (d).

longer technically controlling" of other acts evidence of a defendant in a criminal case. *Id.* at 635. But, the trial court still engaged in the analysis required by *Davis* when considering the propensity issues and how the factors in OEC 404(4) would have typically applied. It also formally engaged in OEC 403 balancing as it considered those issues in the context of the facts of this case. We now turn to the court's application of that law.

## STANDARD OF REVIEW

We review a trial court's determination that other acts evidence is relevant for a nonpropensity purpose under OEC 404 for legal error. *State v. Cave*, 298 Or App 30, 38, 445 P3d 364 (2019). "We review a trial court's determination as to whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice under OEC 403 for abuse of discretion." *Id.* Our review is limited to the record that was before the trial court at the time it made its ruling. *State v. Warren*, 291 Or App 496, 510, 422 P3d 282, *rev den*, 363 Or 744 (2018).

## ANALYSIS

On appeal, defendant assigns error to the trial court's admission, under OEC 404(3), of evidence of certain past violent conduct. He argues that the evidence was not relevant under OEC 401, was improperly based on propensity reasoning, and was unfairly prejudicial under OEC 403. For the reasons that follow, we reject each of defendant's arguments and conclude that the trial court did not err in admitting the evidence.

As noted above, the state offered the evidence solely for a nonpropensity purpose under OEC 404(3), and disclaimed any reliance under OEC 404(4). The litigation in the trial court and the briefing here on appeal, submitted prior to *Davis* and *Martinez*, focused solely on OEC 404(3). As noted, *Davis* and *Martinez* state that OEC 404(4) now governs the admissibility of other acts evidence of a defendant in a criminal case. We may not be in a position to apply OEC 404(4) for the first time on appeal when the theory was never advanced in the trial court. *See State v. Tena*, 362 Or 514, 525-26, 412 P3d 175 (2018) (After determining that evidence

was not admissible under OEC 404(3), the court stated it could not, as a matter of law, determine admissibility under OEC 404(4) for the first time on review.). But because here, the trial court concluded that the evidence required no propensity reasoning, and we agree with that conclusion, we need not remand to the trial court to engage in a separate OEC 404(4) analysis. Although the trial court's decision predated *Davis*, it correctly applied the law set forth in that opinion when considering the issues of propensity and unfair prejudice. As discussed below, we conclude that the evidence is not barred by OEC 404(3) and that the trial court properly admitted the evidence after OEC 403 balancing.

We first consider the relevance of evidence of defendant's prior violent conduct under OEC 401. OEC 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The state's theory of relevance for the evidence was to establish the victim's knowledge, as relevant to the coercion charges, to explain her fear of defendant during the incident. Defendant agrees that an issue of consequence with respect to the coercion charges is whether defendant instilled in J a fear that he would cause physical injury to her if she did not act as he demanded. Defendant argues, however, that evidence of defendant's prior violence was not relevant for that purpose, but rather only to establish J's general fear of defendant, which is not of consequence to the determination of the action. Defendant further argues that the evidence required propensity reasoning because J's fear arose from her knowledge of defendant's past violence. In other words, as defendant frames it, J was afraid of defendant because she knew that he is the kind of person who acts violently towards women.

Here, the evidence at issue consisted of defendant's statements to J, disclosed during their relationship, that he had previously acted violently towards other partners. For the crime of coercion, the state must establish that the defendant instilled in the victim a fear of unlawful physical injury if she refrained from engaging in conduct in which she had a legal right to engage. *See* ORS 163.275. We agree

with the state that J's knowledge of defendant's claims of prior violence was relevant to establish her fear—instilled by defendant—during the incident in question. *See State v. Panduro*, 224 Or App 180, 189, 197 P3d 1111 (2008) (concluding that evidence of the defendant's uncharged misconduct was relevant to explain the victim's fear of the defendant). Her knowledge or belief that he had been violent in the past made it more probable that his actions instilled fear in her such that she felt compelled to refrain from certain acts. Moreover, as the Supreme Court has previously noted, OEC 401 "establishes a very low threshold for the admission of evidence." *State v. Titus*, 328 Or 475, 481, 982 P2d 1133 (1999).

Next, we conclude that the state's theory of relevance does not require the factfinder to engage in propensity reasoning. The state offered the evidence for the nonpropensity purpose of establishing the victim's knowledge as relevant to the coercion charges. However, evidence is inadmissible under OEC 404(3), notwithstanding the proponent's stated nonpropensity purpose, "[i]f the proponent's theory of relevance requires the factfinder to employ propensity reasoning." *State v. Skillicorn*, 367 Or 464, 476, 479 P3d 254 (2021). In this case, J, as the victim, may have considered defendant's character for abuse throughout the incident. But the evidence of defendant's past abuse of other women does not require *the factfinder* to employ any propensity reasoning. The state was not trying to prove that defendant is the kind of person who hurts women or that he acted in conformity with his past violent misconduct. The factfinder need not even believe that defendant indeed committed the past acts of violence or has any propensity towards violence. In fact, as noted, the trial court instructed the jury that it could not make that inference. The state's theory of relevance requires the factfinder only to understand that defendant instilled fear in the victim by claiming that he had hit a prior girlfriend. The evidence was relevant as to the victim's knowledge, to establish a reason for her fear of defendant. We therefore conclude that because the evidence does not require the factfinder to employ propensity reasoning, the evidence is relevant under OEC 401 and not barred by OEC 404(3) or, analyzed properly, by OEC 404(4).

Next, we evaluate the evidence under OEC 403, which allows for the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence." "[T]o properly assess the probative value and prejudicial effect" of other acts evidence of a defendant, a court must determine whether the relevance depends primarily on propensity or nonpropensity reasoning. *Davis*, 372 Or at 637. "[O]ther acts evidence that is relevant for a nonpropensity purpose under OEC 404(3) generally will be admissible under OEC 403." *Id.* at 635.

As established above, the state's evidence was offered for a relevant nonpropensity purpose and requires no propensity reasoning. Such evidence generally is admissible under OEC 403 if the particular facts of the case do not demonstrate a risk of unfair prejudice that substantially outweighs the probative value of the evidence. *Id.* In this case, the evidence tended to show that defendant instilled fear of unlawful physical injury in J, which is an element of the crime of coercion. The trial court issued a limiting instruction restricting the jury's use of the evidence for that purpose as to the coercion charges. It further instructed the jury that it could not use the evidence to conclude that defendant had a character for assaulting intimate partners. To be sure, there was a risk that a jury might use defendant's prior acts as evidence of that bad character. But that risk was minimized by the trial court's specific instruction not to use the evidence for that purpose. In light of the court's consideration of the potential prejudice and its limiting instruction, we conclude that the trial court did not abuse its discretion in admitting the evidence under OEC 403 after balancing the probative value of the evidence against the risk of prejudice.

Finally, we address defendant's remaining assignments of error and reject them without extended discussion. Defendant's third assignment of error challenges the trial court's denial of defendant's motion to sever the coercion charges following the admission of evidence of his prior violent conduct as relevant to those charges. We review "as a

matter of law the question of whether the harm that a party has identified from the joinder of multiple charges rises to the level of substantial prejudice." *State v. Delaney*, 370 Or 554, 565, 522 P3d 855 (2022). After reviewing the record, we determine that defendant has failed to demonstrate substantial prejudice.

As to defendant's fourth assignment of error, we conclude that the trial court did not err in denying defendant's motion for judgment of acquittal on the kidnapping charges. Viewing the evidence in the light most favorable to the state, *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995), a reasonable factfinder could find that defendant moved the victim from one place to another such that "the victim's ending place is qualitatively different from the victim's starting place." *State v. Soto*, 372 Or 561, 570-71, 551 P3d 893 (2024) (stating the requirements for the asportation element of the crime of kidnapping). There was evidence that defendant drove the victim around for a mile-and-a-half as he pulled her hair to prevent her from leaving the car through the car door that the victim held open while trying to escape.

We likewise reject defendant's fifth assignment of error, in which he argues that the trial court erred in denying his motion for a new trial on the ground that his trial counsel failed to provide him an opportunity to testify. Defendant did not provide grounds for a new trial under ORCP 64 B. The trial court properly rejected the motion on that basis.[4]

Affirmed.

---

[4] Typically, the appropriate procedure for a claim that trial counsel denied a defendant certain rights is to file a petition for post-conviction relief. *See State v. Dell*, 156 Or App 184, 188, 967 P2d 507, *rev den*, 328 Or 194 (1998) (concluding that the issue of whether defense counsel provided inadequate assistance by not calling the defendant to the stand is not a claim that may be raised on direct appeal, but rather "must be made in the context of a post-conviction proceeding").