No. 619 July 9, 2025 781

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ABED LOPEZ,
*Defendant-Appellant.*

Multnomah County Circuit Court
22CR55432; A182901

Andrew M. Lavin, Judge.

Submitted May 15, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Defendant appeals a judgment of conviction for one count of second-degree assault, ORS 163.175, and one count of harassment, ORS 166.065, for an incident in which he hit a security officer with tinfoil containing a controlled substance.[1] In one assignment of error, he argues that the trial court erred when it allowed the admission of evidence that earlier that same day he had been told to leave the same premises by other store employees. He argues that the evidence was inadmissible character evidence and that any probative value was substantially outweighed by the risk of unfair prejudice. We conclude that the trial court did not err in admitting that evidence after finding it relevant for a nonpropensity purpose under OEC 404(3), and that the trial court did not err in its OEC 403 balancing. We therefore affirm.

Defendant was approached by two store managers, M and K, in the stairwell of a business. He was holding tinfoil and a lighter. He was told to leave, and after attempting to shove the tinfoil into M's face, he did so. Later that afternoon, he was again found in the same stairwell by a store security guard, T, with tinfoil, a lighter, and a straw in his mouth. T told defendant to leave, and defendant struck him in the face with the tinfoil and ran out to the street. T attempted to wash the substance off of his face but was subsequently found unconscious and taken to the hospital. He could not feel his right arm and right cheek for approximately a week, and although he slowly regained feeling, the effects lingered for another five weeks.

The state charged defendant with assault and harassment as to M, and with causing another person to ingest a controlled substance, assault, and harassment, as to T. M did not attend the trial, and the state dismissed the charges that were related to him. At trial, defendant, appearing *pro se* with a legal advisor, argued that all evidence regarding the encounter with M should be excluded as irrelevant and prejudicial. The state sought to admit evidence of defendant's encounter with M and K as prior acts

---

[1] Defendant was also charged with, but acquitted of, causing another person to ingest a controlled substance, ORS 475.908.

evidence under OEC 404 to show defendant's motive for assaulting T. The state argued that "this goes to motive. [Defendant] came in earlier that morning [and] was kicked out. And later that afternoon he was now kicked out again. Which gives him a motive to be angry and assault the officers. He's angry he's being kicked out again." In response, defendant argued that he was not present at the location that the state claims he was kicked out of, that he was not "found doing any drugs," and that the state was lying.

The trial court admitted the evidence, explaining that it was allowing the evidence under OEC 404(3) as relevant evidence of defendant's motive for the charged incident against T. Defendant, through his legal advisor, briefly noted that he believed the evidence was irrelevant and unfairly prejudicial, but his primary argument against admission continued to be that he was factually innocent and did not use drugs. The trial court balanced the probative value against the risk of unfair prejudice under OEC 403 and determined that the evidence was not unfairly prejudicial, and the court noted that defendant did not articulate any theory under which it was.

On appeal, defendant argues that the trial court erred in admitting the other acts evidence because "the state's motive theory relied on impermissible character evidence—that defendant was a drug-user who acted in conformity with that character—to prove that defendant assaulted [T]." Alternatively, he argues that the evidence was unfairly prejudicial, and that the trial court abused its discretion by admitting it.

"We review the trial court's determination that other acts evidence is relevant and admissible under OEC 404(4) for legal error. We review whether otherwise admissible evidence should be excluded as unfairly prejudicial under OEC 403 for abuse of discretion." *State v. Hernandez*, 339 Or App 127, 129, 566 P3d 677 (2025) (internal quotation marks and citation omitted). Our review is limited to the record that was before the trial court at the time it made its ruling. *State v. Warren*, 291 Or App 496, 510, 422 P3d 282, *rev den*, 363 Or 744 (2018).

Under OEC 404(3), "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith" (*i.e.*, the person's propensity). However, in criminal trials, OEC 404(4)—not OEC 404(3)—applies to other acts evidence. *State v. Martinez*, 341 Or App 10, 13, ___ P3d ___ (2025) (citing *State v. Davis*, 372 Or 618, 633, 553 P3d 1017 (2024)). Despite this, "considering how the proffered evidence would have fared under [OEC 404(3)]" is a "conceptually helpful" tool in determining whether the evidence may be admitted under the balancing required by OEC 403. *Davis*, 372 Or at 635. If the trial court has correctly concluded that "the evidence does not require the factfinder to employ propensity reasoning," we may affirm, even if the trial court analyzed the evidence under OEC 404(3) rather than OEC 404(4). *State v. Hutchinson*, 337 Or App 426, 432-34, 563 P3d 986 (2025) ("[B]ecause here, the trial court concluded that the evidence required no propensity reasoning, and we agree with that conclusion, we need not remand to the trial court to engage in a separate OEC 404(4) analysis."). For other acts evidence to be admissible under OEC 404(4), "the evidence must be relevant under OEC 401 and must be admissible under OEC 403." *Id.* at 429-30. Other acts evidence that would be admissible under OEC 404(3) as relevant for a nonpropensity purpose "generally will be admissible under OEC 403" so long as the risk of unfair prejudice does not substantially outweigh the probative value of the evidence. *Davis*, 372 Or at 635.

We first consider the relevance of the evidence of defendant's prior interaction with M and K under OEC 401. The state's theory of relevance was to establish defendant's motive—the reason that he assaulted T. However, defendant argues that "[t]he inference the prosecutor was attempting to draw was that defendant was a drug user who acted in conformity with the character of a drug addict by reacting angrily when he was prevented from using drugs." Defendant relies on witness testimony and statements by the prosecutor during trial—after the trial court admitted the evidence—to support his argument that the state offered the evidence under a propensity theory of relevance. But we only consider the record before the trial court at the time it

made its ruling. *See State v. Taylor*, 326 Or App 396, 398, 532 P3d 502 (2023), *aff'd*, 372 Or 536, 551 P3d 924 (2024) (because "the challenged evidence was deemed relevant and admissible *** during a pretrial hearing, [our] review is limited to the record that was before the trial court at that time").

"Motive" refers to the "cause or reason *** which leads to or tempts the mind to commit an act," or, more simply, "why a defendant did what [they] did." *State v. Hampton*, 317 Or 251, 257 n 12, 855 P2d 621 (1993) (internal quotation marks omitted). Evidence of motive is relevant circumstantial evidence of guilt "because it makes more probable the fact that [the] defendant committed the crime than if such a motive were not established." *Id.* at 258. One way that other acts evidence can demonstrate motive is when it "directly supplies the motive for the charged crime, amounting to a cause-and-effect relationship." *State v. Tinoco-Camarena*, 311 Or App 295, 303, 489 P3d 572, *rev den*, 368 Or 561 (2021).

Here, the trial court understood the state's argument to rely on the reasoning that defendant was angry at the store's employees because they had ejected him earlier that day, and that anger caused him to respond in a hostile manner when confronted by T, a store security officer. Considering the record before the trial court at the time of its ruling, we conclude that it did not err in its understanding of the theory of relevance put forward by the state. That theory of relevance, establishing defendant's motive, is a nonpropensity theory, and, as noted, other acts evidence that would be admissible under OEC 404(3) as relevant for a nonpropensity purpose "generally will be admissible under OEC 403" so long as the risk of unfair prejudice does not substantially outweigh the probative value of the evidence. *Davis*, 372 Or at 635.

Defendant next argues that the trial court abused its discretion under OEC 403 by admitting the evidence because its probative value was substantially outweighed by the risk of unfair prejudice, arguing specifically that the risk of unfair prejudice was substantial because the jury learned that he used drugs. Although the purposes of

preservation were served with respect to OEC 403 balancing in general when defendant alerted the trial court that he challenged the evidence on the basis of prejudice, defendant failed to preserve his specific argument regarding that propensity-based theory. Evidence can be relevant for multiple purposes; however, by not raising that particular argument below, the trial court was not given the opportunity to mitigate any risk of prejudice from that alternative theory of propensity-based relevance.

As already established, the trial court admitted the evidence for the nonpropensity purpose of establishing defendant's motive, and it engaged in OEC 403 balancing. Ultimately, the court has discretion to "admit evidence that does not primarily or substantially derive its relevance from character-based propensity reasoning." *State v. Martinez*, 335 Or App 643, 654-55, 559 P3d 907 (2024), *rev den*, 373 Or 713 (2025). We conclude that the trial court did not abuse its discretion in its balancing of the probative value and prejudicial effect under OEC 403, and defendant has not provided us with a reason to conclude otherwise other than his assertions that the evidence relied upon propensity reasoning, which we have rejected.

Affirmed.