No. 722 August 13, 2025 563

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARK RICHARD RIENSTRA,
*Defendant-Appellant.*

Multnomah County Circuit Court
23CR11717; A182024

Steffan Alexander, Judge.

Submitted April 21, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emma McDermott, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant challenges a judgment of conviction for four counts of telephonic harassment, ORS 166.090. In a single assignment of error, defendant argues that the trial court erred under OEC 404(3) and OEC 403 when it denied his motion to exclude evidence of his prior communication with the victim. We conclude that the challenged evidence was relevant to establish the elements of the charged crime, that the state's theory of relevance did not require propensity reasoning, and that the trial court acted within its discretion in admitting the evidence under OEC 403. Accordingly, we affirm.

> "We review a trial court's determination that other acts evidence is relevant for a nonpropensity purpose under OEC 404 for legal error. We review a trial court's determination as to whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice under OEC 403 for abuse of discretion. Our review is limited to the record that was before the trial court at the time it made its ruling."

*State v. Hutchinson*, 337 Or App 426, 431, 563 P3d 986, *rev den*, 373 Or 738 (2025) (internal quotation marks and citations omitted).

The state charged defendant by information with five counts of telephonic harassment, ORS 166.090. Before trial, defendant moved to exclude 27 of the state's exhibits that consisted of text messages, emails, social media messages, and electronic payment requests that defendant had sent to the victim before the alleged telephonic harassment occurred. Defendant argued that the evidence "invite[d] a forbidden propensity argument" and would distract the jury from the charged offenses. The trial court denied defendant's motion "based on [OEC] 401 and 403 and 404." After the trial court granted defendant's motion for judgment of acquittal on a single count, the jury found defendant guilty on the remaining counts. This appeal followed.

At the outset, we recognize that the Supreme Court has held that "OEC 404(3) no longer applie[s] to other acts of a defendant offered in a criminal trial." *State v. Davis*, 372 Or 618, 635, 553 P3d 1017 (2024). Instead, the Supreme

Court explained that "in criminal trials in Oregon, the applicable subsection of OEC 404 that applies to acts of a defendant offered in a criminal trial is OEC 404(4), not OEC 404(3)." *Id.* at 633.

With that understanding, our decision in *Hutchinson* is instructive here. Like in that case, here "the state offered the evidence solely for a nonpropensity purpose under OEC 404(3)" and the parties' arguments at trial and on appeal "focused solely on OEC 404(3)." *Hutchinson*, 337 Or App at 431. Accordingly, as we recognized in that case, "[w]e may not be in a position to apply OEC 404(4) for the first time on appeal when the theory was never advanced in the trial court." *Id.* The trial court here also "concluded that the evidence required no propensity reasoning." *Id.* at 432. Like in *Hutchinson*, "we agree with that conclusion, [and] we need not remand to the trial court to engage in a separate OEC 404(4) analysis." *Id.*

Further, "[a]lthough the trial court's decision predated *Davis*," we conclude that the trial court "correctly applied the law set forth in that opinion when considering the issues of propensity and unfair prejudice." *Id.* And as we explain below, like in *Hutchinson*, "because the evidence does not require the factfinder to employ propensity reasoning," it "is relevant under OEC 401 and not barred by OEC 404(3) or, analyzed properly, by OEC 404(4)." *Id.* at 433. Accordingly, we likewise conclude that "the trial court properly admitted the evidence after OEC 403 balancing." *Id.* at 432.

We begin our analysis by considering the relevance of the challenged evidence under OEC 401. *Id.* at 432; *see also* OEC 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").

We conclude that the challenged evidence was relevant to establish the elements of the charged crime. Under its theory of the case, the state was required to prove that defendant "intentionally harass[ed] or annoy[ed]" the victim by sending text messages to her phone or "causing" her

phone to ring, "knowing that [he] ha[d] been forbidden from doing so." ORS 166.090(1). The evidence included the following messages from defendant to the victim:

- "I understand why you don't want to talk to me. I just don't understand how letting you go is the answer."

- "I can't stop reaching out to you. So I understand if you just block me."

- "I'm sorry I abused you verbally."

- "Why am I obsessed with you? I'm trying to tell myself you are bad for me—and I am bad for you."

- "Am I being abusive? Not accepting your boundary? My bad. *** If you really think I abused you then I don't know what I am doing on this planet."

The evidence also contained the victim's following responses to defendant:

- "I literally can't tell you how fucking awful that was to read. I feel like I'm going to throw up. Please stop trying to hurt me."

- "Just read your letter *** I already felt horrible about myself. Please just fucking stop."

- "Do not contact my family or me again."

The evidence was relevant because it tended to show that defendant knew that his prior messages had harassed or annoyed the victim, that the victim had forbidden him from contacting her, and that future contact would harass or annoy the victim. *See* ORS 166.090(1).

    We further conclude that "the state's theory of relevance does not require the factfinder to engage in propensity reasoning." *Hutchinson*, 337 Or App at 433 (explaining that, "notwithstanding the proponent's stated nonpropensity purpose," relevant evidence may be inadmissible under OEC 404(3) "if the proponent's theory of relevance requires the factfinder to employ propensity reasoning" (internal quotation marks and brackets omitted)). Under OEC 404(3), the state was required to "articulate a theory of relevance," to "identify the inferences that it want[ed] the factfinder to draw based on the evidence," and to "explain how those

inferences make the existence of a fact of consequence more or less probable than it would be without the evidence." *State v. Taylor*, 372 Or 536, 543, 551 P3d 924 (2024) (internal quotation marks and citation omitted). Here, the state's theory of relevance required the factfinder only to understand that defendant knew that his messages had harassed or annoyed the victim and that she had forbidden him from contacting her. "[B]ecause the evidence does not require the factfinder to employ propensity reasoning, the evidence is relevant under OEC 401 and not barred by OEC 404(3) or, analyzed properly, by OEC 404(4)." *Hutchinson*, 327 Or App at 432.

"Next, we evaluate the evidence under OEC 403," *id.* at 434, and determine whether the evidence's "probative value is substantially outweighed by the danger of unfair prejudice." OEC 403. As noted above, we review that determination for abuse of discretion. *Hutchinson*, 327 Or App at 431.

"[W]e conclude that the trial court did not abuse its discretion in admitting the evidence under OEC 403 after balancing the probative value of the evidence against the risk of prejudice." *Id.* at 434. We are unpersuaded by defendant's argument that the evidence was cumulative and unfairly prejudicial. *See Davis*, 372 Or at 634 ("Evidence is not unfairly prejudicial simply because it is harmful to the defense."). In denying defendant's motion, the trial court explained:

> "the danger of unfair prejudice is minimal when viewed *** in light of some of the issues raised even in jury selection regarding the number of text messages sent and over a period of time, that *** increases the relevance of the text messages and the period of time at issue in this case and the dynamics and the relationship that were referenced during jury selection, whether the contact was wanted or unwanted, or stated another way, as referenced in the jury selection, whether the boundaries shifted. The context of all of the messages are therefore relevant and at issue."

The trial court further determined that the exhibits "span different dates and different times, and, therefore, while it may have some overlapping conduct—content, are not cumulative to the extent they are unduly prejudicial and should

be excluded." In addition, the trial court limited the state's arguments to reduce the risk of unfair prejudice:

> "The court is also limiting the argument from a propensity argument for Exhibits 1 through 27. In other words, precluding the state from arguing that because defendant sent those text messages he committed the crimes charged, but is not limiting the use for intent or knowledge."

"Given the probative value of the evidence and the court's ruling[] that limited the evidence accordingly," we conclude that the trial court acted within its discretion. *State v. Jacob*, 320 Or App 295, 304-05, 514 P3d 73 (2022) (concluding that the trial court acted within its discretion when it "limited the line of questioning to ensure that character issues were not brought up and made other limitations to avoid misuse of the testimony"); *see also State v. Anderson*, 363 Or 392, 408, 423 P3d 43 (2018) (concluding that, "[i]n context, the trial court's statement is sufficient for us to conclude that it balanced the probative value of the [evidence] against the danger of unfair prejudice").

Affirmed.